# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAFECO INSURANCE COMPANY OF )
AMERICA, ET AL, )
        Plaintiffs, )
         )
     vs. )        Civil Action No. 07-01086
         )        Judge Nora Barry Fischer
A&L, INC., ET AL, )
        Defendants. )

## MEMORANDUM ORDER

This matter is before the Court on Defendant S&T Bank's Motion to Dismiss Sections VIII

(Count VI) and IX (Count VII) of Plaintiffs' Amended Complaint Pursuant to F.R.C.P. 12(b)(6) [51],

filed by Defendant S&T Bank on April 7, 2008. On April 28, 2008, Safeco Insurance Company of

America, General Insurance Company of America, First National Insurance Company of America,

and Safeco National Insurance Company ("Plaintiffs") filed their Brief in Opposition to Defendant

S&T Bank's Motion to Dismiss (Docket No. 61).

## FACTUAL and PROCEDURAL HISTORY

The Plaintiffs provided surety bonds to Defendant A&L, Inc. (in order to assist A&L in the

performance of bonded contracts in its construction business) in a General Agreement of Indemnity

for Contractors ("Indemnity Agreement") dated August 8, 1995.[1] (*See* Docket No. 37-2, Exh. A).

Two of said contracts involved the Port Authority of Allegheny County, which resulted in litigation

in the Court of Common Pleas of Allegheny County between A&L and the Port Authority of

Allegheny County ("PAAC litigation"). In return for its financial assistance by way of surety bonds,

---

[1]
      Along with Defendant A&L, Defendants GAL Construction, Inc., Bojalad Holdings, Inc.,
Louis D. Ruscitto, and Carol A. Ruscitto are also parties to the Indemnity Agreement (collectively,
"Indemnitors").

Plaintiffs retained security interests in certain assets of A&L, which coexisted with prior security interests held by Defendant S&T.  In light of the coexistence of their security interests, on or about June 13, 2006, Plaintiffs and S&T entered into an "Intercreditor and Mutual Subordination Agreement," in order to govern the use and disposition of certain collateral.  (*See* Docket No. 37-6, Exh. E).  In or about the spring of 2007, as it became apparent that A&L could not financially continue in the PAAC litigation and in light of their shared interests in A&L, Plaintiffs and S&T entered into another agreement in which Safeco agreed to prosecute the PAAC litigation "in exchange for a portion of the proceeds thereof being subordinated by S&T in favor of Safeco, which were otherwise prior perfected collateral of S&T," known as the PAAC litigation agreement.[2] (Docket No. 37 at ¶25).  At some point thereafter, A&L represented that the parties reached a settlement of the PAAC litigation, however, S&T has not allegedly complied with the PAAC litigation agreement.  (*See* Docket No. 37 at ¶61).

On August 8, 2007, Plaintiffs filed a Complaint in federal court against A & L, Inc., GAL Construction, Inc., Bojalad Holdings, Inc., Louis D. Ruscitto, and Carol A. Ruscitto, in which they allege claims for breach of contract, assumpsit, reimbursement, specific performance, and interference with contractual relations arising out of the Indemnity Agreement. On October 3, 2007, after Defendants filed a Motion to Dismiss or in the Alternative, Strike Based on Rule 12(b)(1), 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure, the Plaintiffs filed an Amended

---

[2]
    Defendant S&T disputes the existence of the PAAC litigation agreement, however it provides no further argument in support thereof save passing references to its position. (*See* Docket No. 52 at 5, 8, 14). Accordingly, the Court declines to engage in that analysis; nevertheless, the question regarding the existence (or nonexistence) of the PAAC litigation agreement requires the benefit of discovery.

Complaint (Docket No. 37), in which they added S&T Bank as a defendant. On October 19, 2007, S&T filed Defendant S&T Bank's Motion for an Extension of Time to File a Response or Motion to Plaintiffs' Amended Complaint and to Make its Mandatory Disclosures Pursuant to Fed. R. Civ. P. 26(a) (Docket. No. 44). On October 22, 2007, the Court granted said motion, giving S&T until twenty (20) days after the Court enters its ruling on Plaintiffs' Motion to Strike Defective Removal, Correct Record and Remand at Docket No. 5 in Civil Action No. 07-01324 as well as Plaintiffs' Motion to Remand Case and Strike Defective Removal for Lack of Jurisdiction at Docket No. 5 in Civil Action No. 07-01341, within which to file a responsive pleading in the instant matter. (*See* Docket No. 45). On October 24, 2007, S&T filed Defendant, S&T Bank's Motion Amend and Correct Order of Court Dated October 22, 2007 (Docket No. 46), in which it requested amendment of the Court's October 22, 2007 Order to allow S&T to file a responsive pleading or motion within the time specified. On October 25, 2007, the Court granted said motion. (Docket No. 47). On March 17, 2008, the Court issued a Memorandum Order remanding the other related actions to state court. Accordingly, on April 7, 2008, S&T filed an Answer, Affirmative Defenses and Counterclaim (Docket No. 50), as well as the instant motion to dismiss.

## STANDARD

Under *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1963 (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (declining to read *Twombly* "so narrowly as to limit its holding on plausibility to the antitrust context" and noting that plausibility is related to the

requirement of a Rule 8 "showing").[3] As still required post-*Twombly*, the Court accepts all well-pled

material allegations in Defendant's Counterclaim as true and draws all reasonable inferences

therefrom in her favor. *Id.* at 1964-65 & 1969 n.8. *See McCliment v. Easton Area School Dist.*,

Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v.*

*Lowery*, 117 F.3d 723, 726 (3d Cir. 1997) ("In determining the sufficiency of the complaint the court

must accept all of plaintiffs' well-pled material allegations as true and draw all reasonable inferences

therefrom in favor of plaintiffs")). A complaint will be deemed to have alleged sufficient facts if it

adequately puts the plaintiff on notice of the essential elements of defendant's claims. *Nami v.*

*Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions,

unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See*

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower*

*Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). Nor must the court accept legal conclusions

set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478

U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the

speculative level." *Id*.

## ANALYSIS

In its motion, S&T moves to dismiss section VIII, pleading a claim for breach of contract of

---

3

    The Court in *Phillips* clarified the effect of *Twombly*, providing the following guidance:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact,
> and courts may generally state and apply the Rule 12(b)(6) standard, attentive to
> context and a showing that 'the pleader is entitled to relief, in order to give the
> defendant fair notice of what the ... claim is and the grounds upon which it rests.'

*Phillips*, 515 F.3d at 233 (citing *Twombly*, 127 S.Ct. at 1964).

the PAAC litigation agreement and the Intercreditor Agreement, and section IX, pleading a claim

for interference with contract as to the Indemnity Agreement. The Court will consider each in turn.

As to the breach of contract claim, S&T argues that the doctrine of frustration of purpose

and/or impracticability of performance requires dismissal of the breach of contract claim insofar as

"the purpose of the alleged PAAC Litigation Agreement was frustrated because there was no no need

to litigate a case that had reached settlement," i.e., A&L versus the Port Authority in the Court of

Common Pleas of Allegheny County. (Docket No. 52 at 8). An affirmative defense must be

apparent on the face of a complaint in order to be subject to a Rule 12(b)(6) motion to dismiss. *See*

*Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *see also Flight Systems,*

*Inc. v. Electronic Data Systems Corp.*, 112 F.3d 124, 127 (3d Cir. 1997) ("On a Rule 12(b)(6)

motion, an affirmative defense, such as the statute of frauds defense raised by [defendant], is

appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff"). As

pointed out by Plaintiffs in their response, S&T's theory in support of dismissal hinges on whether

the PAAC litigation has settled. However, the Amended Complaint only pleads the following: "As

such, despite demands that A&L and Indemnitors desist their wrongful interference and turn over

all relevant documentation to the lawyers of Safeco prosecuting said claims, Indemnitors

surreptitiously negotiated a *purported* settlement of the PAAC Litigation." (Docket No. 37 at ¶27)

(emphasis added). Accordingly, from the face of the Complaint, it is not apparent whether the

PAAC litigation has settled, and, as such, the affirmative defense of frustration of purpose is not

apparent on the face of the Amended Complaint. Along the same lines and to the extent a court may

consider an affirmative defense on a 12(b)(6) motion to dismiss, S&T's argument nevertheless

hinges on facts which require discovery, i.e., whether the PAAC litigation has settled.[4] Likewise as

to interference with contract (either existing or prospective),[5] S&T's arguments in support of

dismissal appear to turn on the assumption that the PAAC litigation has settled and therefore, said

arguments fail for the same reasons as stated above.[6]


**CONCLUSION**


Accordingly, based on the foregoing, the Court **DENIES** Defendant S&T Bank's Motion to

Dismiss Sections VIII (Count VI) and IX (Count VII) of Plaintiffs' Amended Complaint Pursuant

to F.R.C.P. 12(b)(6) [51] and Defendant S&T Bank shall file a responsive pleading (or amended

---

[4]

    In addition, S&T primarily relies upon *Swiss Reinsurance America Company v. Airport Industrial Park, Inc.*, No. 2:05-cv-01127, 2007 WL 2464504, at *1 (W.D. Pa. Aug. 27, 2007), in support of its frustration of purpose argument. However, as pointed out by Plaintiffs, as the court applied the frustration of purpose doctrine on summary judgment after the benefit of discovery, the Court finds the same inapplicable here.

[5]

    *See Latuszewski v. Valic Financial Advisors, Inc.*, Civil Action No. 03-0540, 2007 WL 4462739, at *19 (W.D. Pa. Dec. 19, 2007) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 985 (Pa. Super. 1997)) ("The elements of a claim for tortious interference with existing and prospective contract are: (1) existence of a contract or prospective contract; (2) purposeful action specifically intended to harm the existing relationship or to prevent the relationship from occurring; (3) the absence of privilege or justification; and (4) actual damages").

[6]

    In addition, turning to S&T's substantive arguments, the Court finds that Plaintiff has sufficiently pled intent, Docket No. 37 at ¶66, as well as damages resulting from S&T's alleged interference with the Indemnity Agreement, Docket No. 37 at ¶68, for purposes of a Rule 12(b)(6) motion to dismiss. *See e.g., Total Care Systems, Inc. v. Coons*, 860 F.Supp. 236, 242 (E.D. Pa. 1994) (holding that an allegation in the complaint that defendant had a knowing and purposeful intent to interfere with the contract was sufficient to meet Restatement (Second) § 767 standard of impropriety for purposes of motion to dismiss); *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 471 (1979) (requiring the pleading of actual damages).

pleading) as to sections VIII and IX in Plaintiffs' Amended Complaint by June 10, 2008.

<u>*s/ Nora Barry Fischer*</u>
Nora Barry Fischer
United States District Judge

cc:     All counsel of record.

Date:   May 21, 2008.